IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In re:

RODNEY RAMERO PUGH and
QUACHERYL KNIGHT PUGH,

      Debtors.

CASE NO. 16-80947-WRS
Chapter 13

_____

SABRINA L. McKINNEY, as Standing
Chapter 13 Trustee; and CARLY B. WILKINS,
as Chapter 7 Trustee of the Estates of
Ricky Jackson, Tony Lee Mason, Joseph A.
White, Stacy Ross, and Jeremy Wallace,

      Plaintiffs,

v.

LAW SOLUTIONS CHICAGO, LLC;
UPRIGHT LAW, LLC; KEVIN W. CHERN;
JASON ROYCE ALLEN; and
EDMUND SCANLAN,

      Defendants.

ADVERSARY PROCEEDING
NO. 18-08019-WRS

## MOTION TO DISMISS BY EDMUND SCANLAN

Defendant Edmund Scanlan respectfully moves to dismiss all claims asserted against him in the above-captioned action on grounds of failure to state a claim upon which relief can be granted, including but not limited to impermissible claims for relief as to bankruptcy cases other than *In re Pugh*, lack of subject-matter jurisdiction, plaintiff Carly B. Wilkins' lack of standing, lack of personal jurisdiction, insufficient service of process, and misjoinder of parties. *See* Federal Rules of Civil Procedure 4, 8, 10, 12(b), 20, and 21; U.S. Constitution; and *cf.* Federal Rules of Bankruptcy Procedure 7004, 7008, 7010, 7012, 7020, and 7021. In addition, plaintiffs filed an Amended Complaint in the above-captioned Case No. 18-08019-WRS on August 14, 2018 (Doc.

1

10[1]), without first obtaining leave of court or the opposing party's written consent, and after having earlier filed the original Complaint on August 10, 2018 (Doc. 1) and a first amended Complaint on August 13, 2018 (Doc. 5), contrary to Federal Rule of Civil Procedure 15 (*cf.* Federal Rule of Bankruptcy Procedure 7015). Yet no matter which of plaintiffs' three pleadings is considered, the claims brought against Scanlan in this action should not be allowed to stand.

### I. A CLAIM IS NOT STATED AGAINST SCANLAN

Defendant Edmund Scanlan is not an attorney. Amended Complaint Doc. 5 at ¶10.[2] Also, there is no allegation in plaintiffs' pleading which states (or from which it may be inferred) that in the above-captioned *In re Pugh* case, Scanlan functioned as an attorney, provided counsel or bankruptcy help of some kind to an assisted person, appeared before the Court, entered a retention agreement with a debtor, filed a statement concerning any such agreement, filed or signed any type of document presented to the Court, or caused any injury. The same omission is true with respect to each of the "more than 80" bankruptcy cases which are identified in plaintiffs' pleading at ¶44 as giving rise to this dispute or otherwise relevant. The materials filed of record in *In re Pugh* and in the additional cases referenced by plaintiffs further show that Scanlan did not engage in any such conduct.[3] Scanlan respectfully submits that plaintiffs have no claim in the case at bar against

---

[1] Citations to record filings herein are to Case No. 18-08019-WRS, unless noted otherwise.

[2] No other allegation in any of the plaintiffs' pleadings asserts in the alternative that Scanlan is an attorney.

[3] It is proper to consider and take judicial notice of those materials for purposes of this motion. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1368 (11th Cir. 1997) (consideration of documents central to plaintiff's claims on a Rule 12(b)(6) motion does not require conversion to Rule 56 motion); and *e.g., In re Thomas*, 554 B.R. 512, 518 (Bankr. M.D. Ala. 2016); and *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1002 (N.D. Cal. 2016) (a court considering a motion to dismiss for failure to state a claim may take judicial notice of filed court documents, even if not expressly referenced in the complaint, without converting a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment). Also, a court may always take judicial notice of its own docket. *See, e.g., In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir.

2

a non-lawyer who did not engage in the acts which form the purported basis for this action. Therefore, dismissal is required as a matter of law. The following count-by-count discussion may facilitate the analysis which leads to that result.

*Count I* – According to the words contained in its title, Count I is for "Violations of §329 and Rule 2016(b)." Amended Complaint Doc. 5 at p. 28. Yet by its express terms, 11 U.S.C. §329 applies only to "Any attorney representing a debtor in a case under this title, or in connection with such a case." In addition, even if it is applicable in the action against Scanlan (*see* discussion *infra*), Federal Rule of Bankruptcy Procedure 2016(B) expressly pertains to and serves to regulate only "Every attorney for a debtor." Accordingly, Count I fails to state a claim upon which relief may be granted against Scanlan, because he is a non-lawyer, he was not representing any debtor in *In re Pugh* or in any other bankruptcy case identified in plaintiffs' pleading, and he did not file or sign any documents in any such case.

*Count II* – As framed by its express language, Count II relates to "a debtor's agreement with counsel," and it claims that liability exists as to such agreements under 11 U.S.C. §526(c)(1). Amended Complaint Doc. 5 at ¶¶ 113, 119-120. However, the amended Complaint Doc. 5 at ¶10 demonstrates that Scanlan is not a "counsel." Moreover, the record in *In re Pugh* and in each of the other identified bankruptcy cases shows that Scanlan did not enter any debtor's agreement with counsel, and he did not file any statement under §329 of the Code concerning any such agreement. Plaintiff's pleading contains no allegation to the contrary. It is respectfully submitted on this basis that Count II does not state a claim upon which relief can be granted against Scanlan.

---

1999) (observing "the bankruptcy court appropriately took judicial notice of its own docket"); and *accord Griffin v. U.S.*, 109 F.3d 1217, 1218 n. 1 (7th Cir. 1997).

This assertion is bolstered by 11 U.S.C. §526(c)(1), which by its explicit terminology pertains only to "Any contract for bankruptcy assistance between a debt relief agency and an assisted person." Respectfully, plaintiffs' pleading does not assert any facts to show (or from which it may be inferred) that Scanlan is a debt relief agency. *See* 11 U.S.C. §101(12A) ("The term 'debt relief agency' means any person who provides bankruptcy assistance to an assisted person in return for … consideration"), and 11 U.S.C. §101(4A) ("The term 'bankruptcy assistance' means any goods or services … provided to an assisted person [for] providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting of appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title"). Far from alleging that Scanlan provided counsel or bankruptcy help of some kind to an assisted person, whether in *In re Pugh* or in any other case, plaintiffs' pleading alleges in material part only that Scanlan is the executive director of defendant Law Solutions Chicago LLC, he receives a salary from Law Solutions Chicago LLC as an independent contractor, and funds generated by Law Solutions Chicago LLC flow to him. *See* amended Complaint Doc. 5 at ¶¶ 10-11, 15.[4]

Accordingly, with due deference, and assuming *arguendo* plaintiffs' allegations are correct, Scanlan submits that Count II fails to state a claim upon which relief may be granted against a non-lawyer who did not enter any debtor's agreement with counsel and did not otherwise provide bankruptcy assistance to an assisted person, such as himself.

*Count III* – Count III claims "Violation of 11 U.S.C. §707(b)(4)(C)" according to the words of its title. Amended Complaint Doc. 5 at p. 3. Yet by its express terms §707(b)(4)(C) relates

---

[4] Although the truthfulness of these allegations is not before the Court for purposes of this motion, and this motion should be granted even assuming these allegations are truthful, these allegations are in fact not true. *See* Exhibit A, *infra*.

only to "The signature of any attorney on a petition, pleading, or written motion." Because as discussed above, and in terms of the words used expressly in the statute, Scanlan is not an "attorney" and he is not alleged to have placed a "signature" on any "petition, pleading, or written motion," whether in *In re Pugh* or in any other case, Count III fails to state a claim against Scanlan upon which relief can be granted.

*Count IV* – As expressed by the language of its title, Count IV claims "Violation of 11 U.S.C. §§526(c)(1) and (c)(5) and 528(a)(1)." Amended Complaint Doc. 5 at p. 31. As established above in the context of Count II, 11 U.S.C. §526(c)(1) does not pertain to a person such as Scanlan, however, because he is not a "debt relief agency." For the same reason, it is respectfully asserted here that §528(a)(1) likewise is inapplicable to Scanlan, and cannot form the basis for liability, because it also relates expressly only to conduct by a "debt relief agency."

Nor may §526(c)(5) be used to impose liability upon Scanlan, inasmuch as he is a non-lawyer person who by definition could not have "violated this section" (*i.e.,* 11 U.S.C. §526). Further, plaintiffs may not in any event obtain relief against Scanlan under 11 U.S.C. §526(c)(5). According to the words inherent in §526(c)(5), relief is possible under this sub-section only "if the court, on its own motion or on the motion of the United States trustee or the debtor," makes certain findings. To the best of Scanlan's knowledge plaintiffs have brought no such motion, and in any event they are not the court, the United States trustee, or the debtor. As a result, plaintiffs do not have a claim upon which relief can be granted against Scanlan under Count IV.

*Count V* – The title of Count V states that there are or were "Violations of 11 U.S.C. §§526(a)(2)." Amended Complaint Doc. 5 at p. 32. However, the discussion above demonstrates that §526 does not govern a person who was not a "debt relief agency," such as Scanlan. In addition, by its express terms §526(a)(2) relates to "a statement in a document filed in a case or

5

proceeding." There is no allegation in plaintiffs' pleading that Scanlan made a statement in a document filed in *In re Pugh* or in any other bankruptcy case identified in plaintiffs' pleading. Further, the record in each of those referenced cases confirms that Scanlan did not file or make any such statement. Similarly, neither those records, nor plaintiffs' pleading, contains content that shows (or from which it may be inferred) that Scanlan counseled or advised any assisted person to make any such statement. Through the application of deduction, Count V thus fails to state a claim upon which relief can be granted against Scanlan.

*Count VI* – Count VI claims, as per the words of its title, "Violations of the Alabama Rules of Professional Conduct and the Unauthorized Practice of Law." Amended Complaint Doc. 5 at p. 32. Yet according to plaintiffs' pleading (Doc. 5) at ¶144, "The Alabama Rules of Professional Conduct are applicable to attorneys practicing before this Court." In addition, pursuant to M.D. Ala., LBR 1001-2 and M.D. Ala. LR 83.1, the obligation to "adhere to … the Alabama Rules of Professional Conduct" applies to "[a]ttorneys admitted to practice before this Court." Scanlan is not an attorney, he is not alleged to have been "practicing" or "admitted to practice" before this Court, and such an allegation may not be made in good faith. *See, e.g.,* Amended Complaint Doc. 5 at ¶10. As a result, it is respectfully asserted that the Alabama Rules of Professional Conduct are not applicable to Scanlan, and Count VI does not state a claim against Scanlan for violations of those Rules.

Similarly, according to the express language of their first amended pleading at ¶145(g), (h), and (i), the plaintiffs' claim for unauthorized practice of law is directed against "a partner in a law firm," and "a lawyer." *Id.* Because as discussed above Scanlan is not a lawyer or a partner in a law firm, a necessary predicate is absent; accordingly, Count VI does not state a claim upon which relief can be granted against Scanlan for unauthorized practice of law.

6

Moreover, in order to state a claim for a private cause of action for violation of the Alabama unauthorized practice of law statute, Alabama Code of 1975 §34-3-6, it must be alleged sufficiently that the target of the cause of action was "practicing law" within the meaning of and in violation of the statute, and additionally, that the conduct complained of caused injury as a result. *Beasley v. Poole*, 63 So.3d 647, 649 (Ala. Civ. App. 2010); *Fogarty v. Parker, Poe, Adams and Bernstein, L.L.P.*, 961 So.2d 784, 790-93 (Ala. 2006). In the present case, plaintiffs' pleading does not include substance that establishes or from which it may be inferred that Scanlan engaged in any conduct which constitutes "practicing law" under subpart (b) of the governing statute. More specifically, it does not allege facts showing that Scanlan, whether in *In re Pugh* or in any other case referenced by plaintiffs, appeared in a representative capacity or met any other predicate for application of Alabama Code of 1975 §34-3-6(b)(1)-(4).

Plaintiffs' pleading also does not set forth any alleged circumstances concerning any injury caused as a result of any prohibited conduct. The absence of such content renders invalid the plaintiffs' claim for unauthorized practice of law against Scanlan, because only if an act that may constitute a crime, such as the unauthorized practice of law, "also results in injury to the person or property of another" may it "be the basis of a civil action for damages." *Fogarty v. Parker*, 961 So.2d at 791, quoting *Martinson v. Cagle*, 454 So.2d 1383, 1385 (Ala. 1984).

*All Counts* – Plaintiffs' pleadings in this case (Docs. 1, 5, and 10) are the same as or are substantially similar to the Complaint filed as Doc. 1 in the action identified as *Jacobs v. Law Solutions Chicago LLC et al.*, United States Bankruptcy Court for the Middle District of Alabama Case No. 18-03046 ("*Jacobs*"). For the reasons stated and advanced respectfully in *Jacobs*, the Complaint in that case fails to state a claim upon which relief may be granted. Among other things, on account of what Scanlan politely submits is a requirement to apply the law of pleading standards

in this context, the Complaint in *Jacobs* not only is an improper "shotgun" pleading, but also, insufficient facts are alleged to support a cognizable legal theory, and adequate legal grounds for the claims are lacking, rendering the claims both implausible, and incapable of giving rise to a reasonable inference of liability. *See* Doc Nos. 9, 10, and 20 in *Jacobs*, which are incorporated herein by reference; *see also, e.g., In re Bishop (Harrington v. Law Solutions Chicago LLC),* 578 B.R. 158, 167-68 (W.D.N.Y. 2017) (granting motion to dismiss "shotgun" pleading filed by trustee against Law Solutions Chicago LLC and related persons, inasmuch as pleading did not identify specific wrongs alleged to have been committed by particular defendants). Scanlan asserts that for all of the reasons stated by the defendants in *Jacobs*, plaintiffs' pleadings in the case at bar likewise fail to state a claim upon which relief can be granted, which means the claims against Scanlan should be dismissed based upon this motion.

*Claims for Relief as to Cases Other Than <u>In re Pugh</u>*. The caption of plaintiffs' pleading shows that this adversary proceeding has been brought in the bankruptcy case of *In re Pugh*, Case No. 16-80947. As indicated by Federal Rule of Bankruptcy Procedure 7001, an adversary proceeding may exist concerning a particular bankruptcy case of a debtor or debtors "to recover money or property," "to obtain an injunction or other equitable relief," "to obtain a declaratory judgment," and to obtain other specified forms of relief related to the particular bankruptcy case. *See also, e.g., Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990) (stating that "[a]dversary proceedings in bankruptcy cases are not distinct pieces of litigation; they are <u>components of a single bankruptcy case</u>") (emphasis added); *In re Amelia Island Co.*, Nos. 3:10-cv-1197 and 3:09-bk-09601, 2011 WL 1335856, at *4 (M.D. Fla. April 7, 2011) (stating "an adversary proceeding <u>is a subpart of a single bankruptcy case</u>") (emphasis added); and *In re Pilgrim's Pride Corp.*, 442 B.R. 522, 530 (Bankr. N.D. Tex. 2010) (same).

8

Contrary to these principles, plaintiffs' pleading claims or appears to claim relief well outside of the context of the single bankruptcy case in which the adversary action has been brought, *In re Pugh*. For example, plaintiffs' first amended Complaint (Doc. 5) at page 35 requests the assessment of "a monetary sanction against the Defendants to include the refund of all attorneys fees and costs incurred by debtors and prospective debtors," with said debtors and prospective debtors presumably being the petitioners in the "more than 80" bankruptcy cases identified in plaintiffs' pleading at ¶44. Yet with this action necessarily limited to functioning as a component or subpart of *In re Pugh*, plaintiffs have failed to state a claim upon which relief can be granted for relief in any case other than *In re Pugh*.

Similarly, Count I of plaintiffs' pleading seeks to impose liability on the defendants based upon "[t]he Rule 2016(b) disclosures in Defendants' bankruptcy filings," with said filings presumably being all those submitted in the above-referenced "more than 80" cases. However, the only Rule 2016(b) bankruptcy filings which may give rise to liability under Count I are those submitted in *In re Pugh*. More broadly speaking, plaintiffs' pleading fails to state a claim upon which relief can be granted where it seeks to impose liability on the defendants based on conduct undertaken in any bankruptcy case other than *In re Pugh*. The only exception would be conduct undertaken in a bankruptcy case other than *In re Pugh* that may be admissible as evidence in this action in relation to a particular claim for relief herein under 11 U.S.C. §526(c)(5) (authorizing a bankruptcy court to enter an injunction or impose an appropriate civil penalty if it finds a person "intentionally violated <u>this section</u>, or engaged in a clear and consistent pattern or practice of violating <u>this section</u>") (emphases added).[5]

---

[5] *See also* Motion to Dismiss by Law Solutions Chicago LLC, filed contemporaneously in the above-captioned action, Introduction section, which is incorporated herein by reference (further demonstrating plaintiffs' failure to state a claim upon which relief can be granted).

## II.  SUBJECT-MATTER JURISDICTION IS ABSENT

Bankruptcy court jurisdiction exists, by reference from the district courts, in three categories of proceedings: those that "arise under title 11," those that "arise in cases under title 11," and those "related to cases under title 11." *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1039 (11th Cir. 2008). Concerning the first category, a proceeding "arises under title 11 when it involves a cause of action created or determined by the statutory provisions found in title 11." *Rosenberg v. DVI Receivables XIV, LLC,* 818 F.3d 1283, 1287 (11th Cir. 2016). Put another way, proceedings within the "arising under" jurisdiction of the bankruptcy court are matters invoking a substantive right created by the Bankruptcy Code. *Lawrence v. Goldberg*, 573 F.3d 1265, 1270 (11th Cir. 2009). Moreover, under the well-pleaded-complaint rule, any substantive right for "arises under" jurisdiction must be pled and shown on the face of the complaint. *E.g., In re Danley*, 552 B.R. 871, 886 (Bankr. M.D. Ala. 2016).

In this case, it is respectfully submitted that plaintiffs' action against Scanlan is not pled as or shown to have been created or determined by the statutory provisions of title 11. Any case against Scanlan would exist outside the framework of title 11, because as demonstrated above, Scanlan did not engage in the acts which form the purported basis for this action. More specifically, plaintiffs' pleading does not show or suggest that in *In re Pugh* or otherwise, Scanlan functioned as an attorney, provided counsel or bankruptcy help of some kind to an assisted person, appeared before the Court, entered a retention agreement with a debtor, filed a statement concerning any such agreement, filed or signed any type of document presented to the Court, or caused any injury, in any of the bankruptcy cases identified in plaintiffs' pleading. The Bankruptcy Code does not give rise to a substantive right to sue such a person.

Regarding the second category of bankruptcy court subject-matter jurisdiction, the "arising in a case under" type of proceeding is generally thought to involve administrative-type matters, *id.*, or as put another way, a proceeding that could only arise in the context of a bankruptcy, *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999), *citing Matter of Wood,* 825 F.2d 90, 97 (5th Cir. 1987), and a claim that is case-specific to bankruptcy filings, usually consisting of administrative proceedings in the bankruptcy case itself, *In re Terry Mfg. Co, Inc.*, 324 B.R. 147, 153 (Bankr. M.D. Ala. 2005).

In the case at bar, Scanlan does not perceive that plaintiffs' action against him is a proceeding that could arise only in the context of a bankruptcy—a proceeding brought against a person such as Scanlan, a non-lawyer who did not engage in the allegedly-actionable conduct in *In re Pugh* or otherwise, does not exist in the context of bankruptcy. With all due respect, plaintiffs' claims against Scanlan have no valid reality and thus are a nullity, or they would arise under state law (*see* amended Complaint Doc. 5 at ¶146). Also, the action against Scanlan appears to be very broad vis-à-vis all of the "more than 80" cases plaintiffs have identified, and thus, it is not case-specific to any filings by Scanlan in a bankruptcy case itself. Indeed, the case was brought outside of any bankruptcy case, except for the above-captioned *In re Pugh*. However, plaintiffs' pleading does not contain an allegation that Scanlan made a bankruptcy filing in *In re Pugh*, or engaged in any other act in relation to that case which would be prohibited by the Bankruptcy Code. This precludes any "arising in a case under" subject-matter jurisdiction.

As for the third category, a proceeding is within a bankruptcy court's "related to" jurisdiction if the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy, that is, if the outcome could alter the debtor's rights, liabilities, options, or freedom of action and which impacts the handling and administration of the bankruptcy

estate. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990); *see also, e.g., In re McAllister*, 216 B.R. 957, 966 (Bankr. N.D. Ala. 1998) (mere fact there may be common issues between proceeding brought in bankruptcy court and controversy involving debtor does not bring matter within "related to" jurisdiction). Here, the outcome of plaintiffs' action against Scanlan would appear to have no possible effect on *In re Pugh* (or on any other bankruptcy estate for that matter), based upon the discussion above, which shows the claims are not permitted against a person such as Scanlan. *See also* Doc. 65 in *In re Pugh*, Case 16-80947 (Order Confirming Chapter 13 Plan); and the records in the bankruptcy cases identified in plaintiffs' pleading at ¶44 (showing that virtually all of those cases are completed to discharge and/or closed).

### III. PLAINTIFF CARLY B. WILKINS LACKS STANDING TO SUE

Plaintiff Carly B. Wilkins' relationship to the case at bar is as a Chapter 7 Trustee in the Middle District of Alabama in the five specific bankruptcy cases identified in ¶5 of plaintiffs' pleading. *Id.* However, *In re Pugh* is a Chapter 13 case, and Ms. Wilkins is not alleged to be a Chapter 13 Trustee or a trustee in *In re Pugh*.

Article III of the United States Constitution limits the federal courts to the consideration of only "cases" and "controversies." *See* U.S. Const. art. III, sec. 2, cl. 1. To satisfy Article III standing requirements, a plaintiff must show that he or she suffered an "injury in fact," that is, an injury that is both concrete and particularized and actual or imminent. Second, the plaintiff must demonstrate a causal connection between the injury and the complained of conduct. Finally, the plaintiff must demonstrate that it is likely that a decision in his favor will resolve the problems. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "A 'party invoking federal jurisdiction bears the burden' of establishing that he has standing to sue. *American Civil Liberties Union of Florida, Inc., v. Dixie County, Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan*,

504 U.S. at 561). Lack of standing is not listed as an affirmative defense in Rule 8. Accordingly, "[l]ack of standing is a basis for dismissal of the complaint if it is established and it should be asserted by a motion to dismiss, not by affirmative defense." *In re Ackerman*, 247 B.R. 336, 339 (M.D. Fla. 2000).

Due to the fact that "the constitutional standing doctrine stems directly from Article III's 'case or controversy' requirement, this issue implicates [a court's] subject matter jurisdiction, and accordingly must be addresses as a threshold matter regardless of whether it is raised by the parties." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (internal citation omitted).

In the case at bar, plaintiff Carly B. Wilkins has not sustained her burden of establishing she has standing to sue. Among other things, she has alleged no basis upon which to infer that she or an estate for which she is trustee has suffered an injury in *In re Pugh*. Also, any injuries in the five specific bankruptcy cases identified in ¶5 of plaintiffs' pleading are not at issue in this action, which, as discussed above, is a component or subpart of *In re Pugh* and nothing more. Therefore, the claims of plaintiff Carly B. Wilkins against Scanlan in the above-captioned action should be dismissed for lack of standing.

### IV. PERSONAL JURISIDICTION MAY NOT BE EXERCISED OVER SCANLAN

The first amended Complaint (Doc. 5) in the case at bar does not contain any allegations of fact to establish that Scanlan has the sorts of minimum contacts with Alabama, the forum state, which must exist for a lawful exercise of *in personam* jurisdiction over him. *See, e.g., Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000) (holding plaintiff bears the burden to allege personal jurisdiction in her complaint by pleading sufficient material facts to establish the basis for the exercise of such jurisdiction, before the burden would

13

shift to defendant to make a prima face showing of the inapplicability of the long-arm statute); and *Castillo v. Allegro Resort Marketing*, 603 Fed. App'x 913, 916 (11th Cir. 2015) (dismissing claims against defendant, without addressing personal jurisdiction under state's long-arm statute, on grounds plaintiff's pleading "failed to meet her initial burden to show that" defendant "had minimum contacts with [the forum state] to satisfy due process," and "conclusory allegations are insufficient to establish a prima facie case of jurisdiction"). Due to the omission of necessary content in the plaintiffs' pleading in the instant case, it is respectfully submitted that the claims against Scanlan must be dismissed.

Further, in an abundance of caution, Scanlan submits the attached Exhibit A (Declaration of Edmund Scanlan) which without waiver of his defenses provides evidentiary support for the proposition that he lacks the minimum contacts with Alabama that would be needed to exercise personal jurisdiction over him. *See also, e.g., Int'l Shoe v. State of Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945).

Scanlan courteously asserts that personal jurisdiction may not be applied over him in this action through the minimum contacts he may have with the United States, and through the nationwide service of process provisions set forth in the Federal Rules of Bankruptcy Procedure at Rules 7004(d) & (f); *see generally United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993). Pursuant to the express language of Fed. R. Bankr. P. 1001, the Federal Rules of Bankruptcy Procedure only "govern procedure in cases under title 11 of the United States Code." It is respectfully submitted that the case brought by plaintiffs against Scanlan is not a case "under title 11," because title 11 does not authorize an action against a non-lawyer who, among other things as outlined *supra*, neither filed nor signed any paper presented to the bankruptcy court (and also is not a bankruptcy petition preparer), such as Scanlan. *See, e.g., In re McAllister*, 216 B.R.

14

at 963 (bankruptcy court may exert *in personam* jurisdiction over out-of-state defendant under Federal Rules of Bankruptcy Procedure only if court is shown to have "arising under," "arising in" or "related to" subject matter jurisdiction; and on that basis, dismissing claims against defendant for lack of personal jurisdiction).

It follows from these circumstances that the Federal Rules of Bankruptcy Procedure do not apply to plaintiffs' action against Scanlan, including but not limited to its provisions for nationwide service of process and personal jurisdiction stated in Fed. R. Bankr. P. 7004(d) & (f). This renders operative, for purposes of granting a dismissal, the omission from plaintiffs' pleading of sufficient material facts which establish the propriety of the exercise of *in personam* jurisdiction over Scanlan arising from his personally having minimum contacts with the forum state. *See, e.g., Ex Parte Puccio*, 923 So.2d 1069, 1075-76 (Ala. 2005) (holding personal jurisdiction over an individual corporate officer or employee may not be predicated upon jurisdiction over the corporation itself).

## V. SERVICE OF PROCESS IS INSUFFICIENT

The docket report on the PACER system (*i.e.,* Public Access to Court Electronic Records) for the case at bar indicates that as of September 11, 2018, a circumstance of "error" is associated with no less than ten (10) court submissions by plaintiffs, including as to the service of process on Scanlan. *See* Exhibit B attached, including Docs. 16 & 17. Yet as indicated by Doc. 22 in the attached PACER docket report, the service of process upon Scanlan undertaken by plaintiffs consists of their mailing an envelope addressed to Scanlan at the place of business of Law Solutions Chicago LLC, in apparent reliance upon the service of process provisions of Fed. R. Bankr. P. 7004(b). However, insofar as the Federal Rules of Bankruptcy Procedure do not apply to the action against Scanlan as set forth above, and instead the Federal Rules of Civil Procedure apply, such

15

service of process by plaintiffs is insufficient because they did not serve in accordance with the methods permitted by Federal Rule of Civil Procedure 4(e). *See also* Exhibit A at ¶¶3, 4. Additionally, plaintiffs have not shown that Scanlan was served in any way with the second Amended Complaint (Doc. 10).

VI. THE DEFENDANT PARTIES ARE MISJOINED

According to Federal Rule of Civil Procedure 20(a)(2), persons may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and in addition, if any question of law or fact common to all defendants will arise in the action. *Cf.* Fed. R. Bankr. P. 7020 (using the words "Rule 20 F.R.Civ.P. applies in adversary proceedings"); *and see* Federal Rule of Civil Procedure 21 (stating that while "[m]isjoinder of parties is not a ground for dismissing an action," "the court may … drop a party" and "may also sever any claim against a party.") (*cf.* Fed. R. Bankr. P. 7021, stating "Rule 21 F.R.Civ.P. applies in adversary proceedings").

In the case at bar, the plaintiffs' first amended Complaint (Doc. 5) does not set forth a right to relief asserted against the defendants based on joint or several liability. It also does not contain allegations regarding any transaction, occurrence, or series of transactions or occurrences which Scanlan is asserted to have engaged or participated in, and which are material to the claims for liability framed by Counts I to VI. The only places in the first amended Complaint (Doc. 5) where Scanlan's name appears are the case caption, the un-numbered introduction paragraph on pages 1-2, ¶10 (alleging Scanlan is executive director of Law Solutions Chicago LLC and is not licensed as an attorney), ¶14 (alleging Kevin Chern and Scanlan have (using the words contained in the pleading) a "past business history" and Scanlan receives a salary from Law Solutions Chicago

LLC "as an independent contractor"), and ¶15 (alleging funds generated by Law Solutions Chicago LLC flow to Scanlan).

Moreover, the first amended Complaint (Doc. 5) does not proffer any question of law or fact common to all defendants which will arise in the action. *See, e.g., Daker v. Head*, 730 Fed. App'x 765, 766, 768 (11th Cir. 2018) (ruling that Rule 20 was violated where plaintiff brought what the court described as "unrelated claims against unrelated defendants," and where all of the defendants were corrections officials who together participated in the conditions of plaintiff's confinement). Respectfully, these circumstances mean that the joinder of defendants in this action is not proper under Rule 20, and that Scanlan should be dropped from the case under Rule 21.

### VII. PLAINTIFFS FILED A SECOND AMENDED COMPLAINT WITHOUT LEAVE OF COURT OR THE OPPOSING PARTY'S WRITTEN CONSENT

As indicated above, plaintiffs filed an original Complaint in this case on August 10, 2018 (Doc. 1). Plaintiffs then filed an amended Complaint on August 13, 2018 (Doc. 5), and subsequently filed another Amended Complaint on August 14, 2018 (Doc. 10).

According to Federal Rule of Civil Procedure 15(a), a party may amend its pleading only once as a matter of course, and in all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Cf.* Fed. R. Bankr. P. 7015 (stating "Rule15 F.R.Civ.P. applies in adversary proceedings"). In the case at bar, plaintiffs filed their second Amended Complaint (Doc. 10) on August 14, 2018, without first having obtained the opposing party's written consent or the Court's leave, and even though they had previously already amended their pleading once as matter of course when they filed their first amended Complaint (Doc. 5) on August 13, 2018. It is respectfully submitted that as a result, the plaintiffs' second Amended Complaint filed on August 14, 2018 (Doc. 10) is not operative in service of purportedly stating a claim upon which relief can be granted. Additionally, none of the plaintiffs' pleadings filed of

17

Case 18-08019    Doc 26    Filed 09/12/18    Entered 09/12/18 16:15:10    Desc Main
                   Document      Page 17 of 18

record in this case—whether Doc. 1, Doc. 5, or Doc. 10—states a claim upon which relief can be granted against Scanlan.

## VIII. STATEMENT OF NON-CONSENT

Insofar as may be necessary at this juncture, and in an abundance of caution yet with no disrespect, and further, without waiver of any right or position, Scanlan states he does not consent to entry of final orders or judgment by the bankruptcy court.

WHEREFORE, Defendant Edmund Scanlan requests the Court to dismiss all claims asserted against him in the above-captioned action with prejudice, and to grant him such other or further relief as is deemed proper and just.

Respectfully submitted this 12th day of September, 2018.

/s/ *Charles A. Armgardt*
Charles A. Armgardt
*Pro Hac Vice Motion Pending*
Law Solutions Chicago LLC
79 West Monroe Street, 5th Floor
Chicago, IL 60603
carmgardt@uprightlaw.com
(877) 927-5451

*Counsel for Edmund Scanlan*

## CERTIFICATE OF SERVICE

Service is electronic using the court's transmission equipment.

/s/ *Charles A. Armgardt*
Charles A. Armgardt